ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

February 28, 2008

The Honorable Tracy O. King                    Opinion No. GA-0603
Chair, Committee on Border and
    International Affairs                       Re: Whether a non-profit economic development
Texas House of Representatives                 foundation that receives partial funding from
P.O. Box 2910                                  quasi-public utilities is subject to the Texas Public
Austin, Texas 78768-2910                       Information Act (RQ-0619-GA)

Dear Representative King:

Without identifying any particular entity, you ask whether a "private non-profit economic development foundation which receives part of its funding from 'quasi-public utilities'" is subject to the Texas Public Information Act.[1] You also ask if the private non-profit economic development foundation must "account to the public for the portion of its budget received from [CPS Energy or San Antonio Water System] if so requested under the Texas Public Information Act[.]" Request Letter, *supra* note 1, at 1.

The Public Information Act (the "Act") found in chapter 552 of the Government Code applies to information "collected, assembled, or maintained" by or for a governmental body. TEX. GOV'T CODE ANN. § 552.002(a) (Vernon 2004). In its broad definition of "governmental body," the Act does include "the part, section, or portion of an organization, corporation, commission, committee, institution, or agency that spends or that is supported in whole or in part by public funds." *Id.* § 552.003(1)(A)(xii); *see also id.* § 552.003(5) (defining "public funds"). Private entities fall within this definition of "governmental body" if two requirements are met. *See id.* § 552.003(1)(A)(xii). The first requirement is whether the funds at issue are public. *Id.*; *see also* Tex. Att'y Gen. ORD-569 (1990) at 5 ("The threshold question is whether the commission receives any funds from the City . . . ."). If the funds at issue are public, the second requirement is whether the private entity is "supported" by or spends those public funds. *See Kneeland v. Nat'l Collegiate Athletic Ass'n*, 850 F.2d 224, 228 (5th Cir. 1988), *cert. denied*, 488 U.S. 1042 (1989) (defining question as "whether those [public] funds constitute the 'support' envisioned by the Act"). Thus, the general answer to your first question is that a "private non-profit economic development foundation which receives part of its funding from 'quasi-public utilities'" is subject to the Act as a governmental body where

---

[1]*See* Letter from Honorable Tracy O. King, Chair, Committee on Border & International Affairs, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Sept. 6, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

the foundation, or a part thereof, is supported by or spends public funds. *See* Request Letter, *supra* note 1, at 1.

However, to the extent you inquire about a particular non-profit economic development foundation, we cannot answer your question.[2] While the determination regarding whether funds are public is usually straightforward, the determination regarding whether an entity is "supported" by the public funds[3] "requires an analysis of the facts surrounding each entity." *Blankenship v. Brazos Higher Educ. Auth., Inc.*, 975 S.W.2d 353, 362 (Tex. App.—Waco 1998, pet. denied); *see also Kneeland*, 850 F.2d at 228 (recognizing that attorney general determinations relating to open records and public information that consider the question are generally fact specific). Such a fact-intensive inquiry is inappropriate to the attorney general opinion process. *See* Tex. Att'y Gen. Op. No. GA-0446 (2006) at 18 ("Questions of fact are not appropriate to the opinion process.").

Without considering any particular entity, we can advise you generally that a private entity is not automatically a governmental body subject to the Act "simply because [it] provide[s] specific goods or services under a contract with a government body." *Kneeland*, 850 F.2d at 228. Attorney general decisions issued under chapter 552[4] distinguish between private entities that receive public funds in return for specific, measurable services and entities that receive public funds as general support. *See* Tex. Att'y Gen. Op. No. JM-821 (1987) at 3; Tex. Att'y Gen. ORD-228 (1979) at 2. The Fifth Circuit Court of Appeals, examining attorney general decisions issued under chapter 552's predecessor statute, has delineated "three distinct patterns of analysis" that have been used to examine the facts of the relationship between the private entity and the government body providing the public funds. *Kneeland*, 850 F.2d at 228. In *Kneeland,* the court stated:

---

[2]In its briefing to us on your question, the San Antonio Economic Development Foundation, Inc. ("SAEDF") states it is the "private non-profit economic development foundation" about which you inquire. *See* Letter from Mario A. Hernandez, President, San Antonio Economic Development Foundation Inc., to Office of the Attorney General, Opinion Committee, at 1 (Oct. 19, 2007) (on file with the Opinion Committee) [hereinafter SAEDF Brief]. The SAEDF provides factual information regarding its "marketing agreements" with CPS and SAWS. *See id.* at 2. Even were we to assume that SAEDF is the entity about which you inquire, determining whether a particular private entity is a governmental body under the Public Information Act requires a determination of facts, a determination inappropriate for an attorney general opinion under chapter 402, Government Code. *See Blankenship v. Brazos Higher Educ. Auth., Inc.*, 975 S.W.2d 353, 362 (Tex. App.—Waco 1998, pet. denied); *see also* Tex. Att'y Gen. Op. No. GA-0446 (2006) at 18 ("Questions of fact are not appropriate to the opinion process.").

[3]The question whether an entity is a governmental body under section 552.003(1)(A)(xii) is usually resolved with an analysis regarding the nature of the support provided with the public funds. *See* Tex. Att'y Gen. ORD-602 (1992) at 5 (determining that the portion of the Dallas Museum of Art supported by public funds was a governmental body); ORD-228 (1979) at 2 (determining that a private, nonprofit corporation, with a purpose of promoting interest of the area, was a governmental body because of support of public funds); *see also* Tex. Att'y Gen. OR2007-06167 at 4 (determining that the Laredo Family Planning Services was supported by public funds and therefore a governmental body). We find an isolated instance where a private entity was determined to be a governmental body under section 552.003(1)(A)(xii) due to the fact the entity spent public funds. *See* Tex. Att'y Gen. ORD-273 (1981) at 1. The 1981 decision concluded that because the entity was reimbursed with public funds, the entity spent public funds and was therefore a governmental body. *See id.*

[4]*See infra* note 5.

The opinions advise that an entity receiving public funds becomes a governmental body under the Act, unless its relationship with the government imposes "a specific and definite obligation . . . to provide a measurable amount of service in exchange for a certain amount of money as would be expected in a typical arms-length contract for services between a vendor and purchaser." [An] opinion informs that "a contract or relationship that involves public funds and that indicates a common purpose or objective or that creates an agency-type relationship between a private entity and a public entity will bring the private entity within the . . . definition of a 'governmental body.'" Finally, [another] opinion, citing others, advises that some entities, such as volunteer fire departments, will be considered governmental bodies if they provide "services traditionally provided by governmental bodies."

*Id.* (citations omitted). Thus, *Kneeland* requires an examination of: (1) any specific and definite obligation and whether there was a "measurable amount of service in exchange for a certain amount of money;" (2) any "common purpose or objective that creates an agency-type relationship" between the public and private entity; and (3) any provision of services that are "traditionally provided by governmental bodies." *Id.*

To your question then, under *Kneeland's* three patterns of analysis, a court—or the attorney general's office rendering a decision under chapter 552[5]—would examine the provisions of any contract, or other financial relationship between the foundation and the utilities, to determine the specificity and definite nature of each of the parties' obligations and to determine whether there was a *quid pro quo* exchange. And the analysis would require a determination whether the foundation's purpose is such that it is acting as an agent of the utilities or whether its purpose is to provide a service ordinarily provided by the utilities.

Your second question is whether a private non-profit economic development foundation must "account to the public for the portion of its budget received from [CPS and SAWS] if so requested under the Public Information Act[.]" Request Letter, *supra* note 1, at 1. If the entity is not a governmental body under the Act, it is not required by the Act to release any requested information including the portion of its budget received from CPS and SAWS. If, and to the extent that, a private entity is a governmental body under the Act, the entity must release "public information." *See* TEX. GOV'T CODE ANN. §§ 552.002 (Vernon 2004) (providing that "public information" is information "collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business"), 552.021 (providing that public information is available to the public),

---

[5]Section 552.301 of the Act authorizes the Attorney General to decide whether information requested under the Act is excepted from required disclosure. TEX. GOV'T CODE ANN. § 552.301(a)–(e) (Vernon Supp. 2007); *see also Kneeland*, 850 F.2d at 228 (recognizing Attorney General's express authority to interpret the Act). *Compare* TEX. GOV'T CODE ANN. § 402.042(a) (Vernon 2005) (authorizing Attorney General to "issue a written opinion on a question affecting the public interest . . . .").

552.022(a) (enumerating categories of information that is public information unless otherwise excepted).  Thus, if the entity is a governmental body and if the information is public information, the Act requires the entity to release the information, if requested, unless the entity seeks to withhold the information under an exception in the Act.  *See id.* §§ 552.101–.148 (Vernon 2004 & Supp. 2007) (exceptions).  Whether an entity is a governmental body under the Act and whether requested information, such as a portion of a budget received from "quasi-public utilities," is public information or excepted from required disclosure is a matter for an attorney general decision under chapter 552 or a court.  *See id.* §§ 552.301 (Vernon Supp. 2007) (providing mechanism and time frame in which to seek attorney general decision regarding authority to withhold information requested under Act), 552.303 (Vernon 2004) (requiring delivery of requested information to the Attorney General); *see also id.* §§ 552.101–.147 (Vernon 2004 & Supp. 2007) (providing for exceptions to required disclosure).

## S U M M A R Y

A private entity that is supported in whole or in part by public funds or that spends public funds is in whole or in part a governmental body subject to the Public Information Act. Whether a private entity, such as a non-profit economic development foundation that receives partial funding from "quasi-public" utilities, is a governmental body requires a determination regarding the public nature of the funds and whether the public funds are spent or received by the entity in return for specific, measurable services or as general support. Such a determination involves the resolution of facts and is inappropriate for the attorney general opinion process.

Private entities that are in whole or in part governmental bodies under section 552.003, Government Code, are subject to the Public Information Act and must make public information available to the public. Whether information is public information required to be disclosed or information otherwise excepted from disclosure is a matter for an attorney general decision under the Public Information Act.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee